**Preston BRADSHAW, Jr., Plaintiff—Appellant,**

v.

**Susan STOLLER; John Pearsley, Officer; City of El Cajon; John Does I Through V, Defendants—Appellees.**

No. 02–55160.

D.C. No. CV–00–01722–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2003.*

Decided Feb. 6, 2003.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Preston Bradshaw appeals the district court's order granting summary judgment in favor of officers Susan Stoller, John Pearsley, five unnamed city employees, and the City of El Cajon[1] on his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

While the district court found triable issues existed as to the reasonableness of Bradshaw's arrest, it nonetheless granted summary judgment, finding that the officers were immune from suit. A police officer is immune from § 1983 liability unless (i) "the officer's conduct violated a constitutional right;" and (ii) "the right was clearly established," i.e., "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *see also Estate of Ford v. Ramirez–Palmer,* 301 F.3d 1043, 1050 (9th Cir.2002).

Resolving, as did the district court, all disputed facts in Bradshaw's favor, *Estate of Ford,* 301 F.3d at 1045, the first *Saucier* prong is met. Bradshaw alleges that the police handcuffed and arrested him for resisting an officer under California Penal Code § 148(a) after he approached his car while disputing an illegal tow.[2] The Fourth Amendment prohibits arrest unless police have probable cause to believe a crime has been or is being committed.

*Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). An unprovoked arrest would thus violate a constitutional right.

■ Bradshaw's claim fails the second *Saucier* prong, however, because it would not have been clear to a reasonable officer that the conduct here was unlawful. The California Vehicle Code authorizes private property owners to cause vehicles to be towed from their property so long as warning signs are posted, Cal. Veh.Code § 22568(a), and vests police officers with the power to enforce this provision. *Id.* § 40000.1; Cal.Penal Code § 830.1; *see also People v. McKay,* 27 Cal.4th 601, 117 Cal.Rptr.2d 236, 41 P.3d 59, 74 (2002). The undisputed facts establish (1) Bradshaw's car was parked in a ten-minute loading zone longer than ten minutes; (2) signs warning motorists were posted; and (3) the apartment manager authorized the car to be towed. Thus, the officers could reasonably believe the tow was proper; they had a duty to enforce it and the peace, generally; and that Bradshaw's walking to the car after an extended disagreement with the police was a move to obstruct the tow or worse.

Bradshaw contends that the tow was unlawful because warning signs were placed at only two of the property's four entrances, in violation of California Vehicle Code § 22568(a).[3] Even if the signs in

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. It appears from the district court's order that Bradshaw withdrew his claims against the City of El Cajon. In any event, Bradshaw does not allege that the police officers were acting pursuant to a city policy; thus there would be no liability under *Monell v. Department of Social Services,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

2. While we do not discuss the facts at length, they are eerily reminiscent of the impetus for Conrad Hensley's fictional descent from the life of a working middle class man to that of a fugitive on the run, recounted in Thomas Wolfe's 1998 novel, *A Man in Full.*

3. Bradshaw also contends that the tow operator's offer, which the police encouraged, to drop the car from his truck for a fee violated Cal. Veh.Code § 22568(h), which requires the property owner's authorization for such an offer. Because the appropriateness of the

fact failed to meet the Vehicle Code's requirements, the officers' belief in the legal sufficiency of the signs posted at the remaining entrances, as well as the signs demarcating the loading zone, was neither plainly incompetent nor a knowing violation of the law. *See Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) ("The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law."). Because any mistake as to the legality of the tow was reasonable, the officers are entitled to immunity. *See Saucier*, 533 U.S. at 205.

Bradshaw also contends that summary judgment is inappropriate because the resolution of his claim hinged on credibility determinations within the province of the jury, and because the district court failed to construe all facts in his favor. The district court, however, resolved all disputed facts and credibility issues in Bradshaw's favor before properly determining that the officers are immune from suit. As it stated in its order, the district court assumed that Bradshaw's version of the facts is correct. Thus, there are no material issues as to credibility that require a jury determination.

**AFFIRMED.**

---

tow operator's offer would affect neither the validity of the tow under § 22568(a) nor the officer's perception that Bradshaw was impeding the tow, it is irrelevant to his § 1983 claim.

